[Cite as *State v. Watkins*, 2013-Ohio-5544.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

        Plaintiff-Appellee,               :               Nos. 13AP-133
                                        and
v.                                                     :               13AP-134
                                    (C.P.C. No. 11CR-09-4927)
Jason L. Watkins,                                      :

        Defendant-Appellant.              :               (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 17, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} In these two appeals, defendant-appellant, Jason L. Watkins, appeals from judgment entries of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea and imposing a 67-year prison sentence for his multiple convictions. For the following reasons, we affirm those judgments.

## I. Factual and Procedural Background

{¶ 2} On October 12, 2011, after having been bound over from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, a Franklin County Grand Jury indicted appellant for six counts of aggravated robbery in violation of R.C. 2911.01, six counts of robbery in violation of R.C. 2911.02, six counts of

kidnapping in violation of R.C. 2905.01, two counts of rape in violation of R.C. 2907.02, and two counts of gross sexual imposition in violation of R.C. 2907.05. These counts all contained a firearm specification pursuant to R.C. 2941.145. The counts arose out of four separate events that occurred in February 2011. The state alleged that appellant and another unidentified person robbed multiple individuals at gunpoint during these four events and that appellant, in two instances, also sexually assaulted certain victims. Appellant was 16 years old at the time of the offenses.

{¶ 3} Appellant initially entered a not guilty plea to the offenses. However, on the morning of his scheduled trial, appellant entered a guilty plea to five counts of aggravated robbery, and one count each of robbery, sexual battery, and gross sexual imposition as well as three firearm specifications. The trial court told appellant that as a result, he faced a maximum prison term of 73½ years. Appellant replied that he understood. The trial court accepted appellant's guilty plea, ordered the preparation of a presentence investigation, and scheduled a sentencing hearing. Appellant was 18 years old when he entered his guilty plea.

{¶ 4} Two days before his scheduled sentencing hearing, appellant filed a motion to withdraw his guilty plea. In the motion, he alleged that he entered his guilty plea as the result of pressure put on him by his family and that he did not accurately comprehend the consequences of his plea. Notwithstanding the motion, the trial court proceeded to sentence appellant to a total prison term of 67 years. The trial court subsequently held a hearing on appellant's motion. Appellant testified that although he was guilty of some of the counts he pled guilty to, he was not guilty of them all and so he did not want to plead guilty. (Tr. 47.) Appellant testified that he felt pressured into entering his guilty plea by family members who thought it was the right thing to do. (Tr. 57.) At the end of the hearing, the trial denied appellant's motion.

## II. Appellant's Appeal

{¶ 5} Appellant appeals and assigns the following errors:

[1.] The trial court committed reversible error by denying Defendant-Appellant's presentence motion to withdraw his guilty plea.

[2.] The trial court imposed a cruel and unusual punishment in violation of the Eighth Amendment to the United States

> Constitution by sentencing Appellant, who was sixteen years old at the time of the offense, to a prison term of sixty seven (67) years.

## A. Appellant's Presentence Motion to Withdraw Guilty Plea

{¶ 6}   Appellant argues in his first assignment of error that the trial court erred by denying his presentence motion to withdraw guilty plea.  We disagree.

### 1. Standard of Review

{¶ 7}   Crim.R. 32.1 provides for the filing of a presentence motion to withdraw guilty plea.  As this court has noted many times, such motions should be " 'freely and liberally granted.' "  *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. Davis*, 10th Dist. No. 07AP-356, 2008-Ohio-107, ¶ 15.  However, there is no absolute right to withdraw a plea, even before sentence is imposed.  *Zimmerman* at ¶ 11.  A defendant seeking to withdraw a guilty plea before sentence must establish a reasonable and legitimate basis for the withdrawal of the plea.  *Id.*  A trial court must hold a hearing to allow the defendant to make such a showing.  *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15.  The trial court's decision to grant or deny the presentence motion to withdraw is within the sound discretion of the trial court.  *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20.  Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law.  *State v. Chandler*, 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 8, citing *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 8}   In reviewing a trial court's decision on a presentence motion to withdraw guilty plea, this court weighs several nonexhaustive factors. These include: (1) whether the prosecution would be prejudiced if the plea were withdrawn; (2) whether the defendant was represented by highly competent counsel; (3) whether the defendant received a full Crim.R. 11 hearing prior to entering the plea; (4) whether there was a full hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion to withdraw; (6) whether the motion was filed within a reasonable time period; (7) whether the motion put forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant had a complete defense to the crime or perhaps was not guilty.

*State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 16; *State v. Jones,* 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13, citing *Fish* at 240.

### 2. The Trial Court Did Not Abuse its Discretion by Denying Appellant's Motion

{¶ 9} The trial court held a full hearing on appellant's motion. At the end of that hearing, the trial court denied appellant's motion, concluding that appellant merely changed his mind, which is not a reasonable basis for withdrawing a guilty plea. (Tr. 109.) *Porter* at 30; *State v. Jones*, 7th Dist. No. 09 MA 50, 2011-Ohio-2903, ¶ 20; *State v. Prince*, 3d Dist. No. 2-12-07, 2012-Ohio-4111, ¶ 22.[1] In reaching that conclusion, the trial court expressly addressed a number of the above factors. The court noted that appellant's sole reason for seeking withdrawal was that he entered his guilty plea because of pressure put on him by his family. The court discounted that claim, however, because appellant did not present testimony to support that claim from any family members, despite the fact that some family members were present at the hearing. The court also noted that it fully complied with the requirements of Crim.R. 11 when it accepted appellant's guilty plea and that appellant entered his guilty plea knowingly, voluntarily, and intelligently, with full knowledge of the nature of the charges and the possible penalties. The court also noted that appellant waited five or six weeks before he filed his motion to withdraw his guilty plea. The trial court also pointed out that appellant did not maintain his innocence throughout the proceedings—a factor the trial court felt was "critical." He admitted to committing certain offenses but denied others. The trial court concluded that this meant he did not have a complete defense to the offenses. The trial court also took into consideration the presence of DNA evidence linking appellant to the offenses, including some offenses to which appellant did not admit.

{¶ 10} Appellant argues that the trial court abused its discretion in denying his motion. Specifically, appellant argues that the trial court did not give enough weight to his claim that his family pressured him into entering his plea and that pursuant to *State v.*

---

[1] Obviously, every motion to withdraw a plea necessarily involves a change of heart. However, absent additional legally sufficient justification, a mere change of heart is insufficient to warrant withdrawal. *See State v. Vaughn*, 8th Dist. No. 87245, 2006-Ohio-6577, ¶ 11.

*Cuthbertson*, 139 Ohio App.3d 895, 899-900 (7th Dist.2000), a "comparison of the interests and potential prejudice to the respective parties" weighs heavily in his favor. We reject both of appellant's arguments.

{¶ 11} First, the trial court is in the best position to evaluate both the motivation of the defendant in pleading guilty and the credibility and weight to be given to the reasons offered for seeking withdrawal of the plea. *Prince* at ¶ 27. Thus, the weight or significance that a trial court gives to any particular reason is within the discretion of the trial court. Here, appellant testified that his family pressured him into entering his guilty plea. The trial court, however, discounted appellant's claims of pressure because no family members substantiated appellant's claim and appellant's testimony lacked credibility. The trial court noted that appellant's family members were present at the hearing and could have testified. The trial court did not abuse its discretion by taking this fact into consideration and rejecting appellant's claim of pressure.

{¶ 12} Second, appellant's reliance on *Cuthbertson* is not persuasive, as it is factually distinguishable from this matter. There, the appellate court reversed a trial court decision to deny a presentence motion to withdraw guilty plea. It did so after its consideration of the required factors and, in large part, on the lack of prejudice to the state. *Id.* at 899-900. As that same court noted in a subsequent decision, however, lack of prejudice does not mandate withdrawal, but is one factor a trial court must consider in making its decision. *State v. Moore*, 7th Dist. No. 12 MA 8, 2013-Ohio-1435, ¶ 85. The defendant in *Cuthbertson* had other factors which that court concluded weighed in favor of granting withdrawal: justifications for the withdrawal, a question of counsel's effectiveness, a claim of innocence, and a timely filed motion. *State v. Leasure*, 7th Dist. No. 01-BA-42, 2002-Ohio-5019, ¶ 42 (distinguishing *Cuthbertson* on its facts). Thus, *Cuthbertson* is simply a case in which an appellate court considered the required factors and found the trial court decision to be an abuse of discretion. Because the facts of that case are markedly different than the present facts, any reliance on *Cuthbertson* is not persuasive. *Leasure* at ¶ 43 (situation in "sharp contrast" to *Cuthbertson*, where defendant did not provide substantiated reason for withdrawal other than change of heart).

{¶ 13} We conclude that the trial court did not abuse its discretion by denying appellant's motion to withdraw. The trial court held a full hearing on appellant's motion and fairly considered the motion. The trial court expressly addressed a majority of the factors that we consider in reviewing an appeal of a presentence motion to withdraw guilty plea. We cannot say that any of these factors weigh in appellant's favor. In addition, we note that there was some indication of prejudice to the state because one of its witnesses lives out of state. It also appears that appellant was represented by experienced defense counsel and appellant has not alleged that his attorney was ineffective. Thus, the trial court did not abuse its discretion by concluding that appellant's desire to withdraw his guilty plea was no more than a change of heart, which is not a legitimate basis to grant a motion to withdraw. *Jones* at ¶ 20, 30 ("When none of the * * * factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea."). Accordingly, we overrule appellant's first assignment of error.

## B. Appellant's Prison Sentence does not Amount to Cruel and Unusual Punishment

{¶ 14} Appellant argues in his second assignment of error that the trial court's imposition of a 67-year prison sentence was cruel and unusual punishment. We disagree.

{¶ 15} The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." That amendment applies to the states pursuant to the Fourteenth Amendment. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 12 (2008), citing *Robinson v. California*, 370 U.S. 660 (1962). Ohio Constitution, Article I, Section 9, sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

{¶ 16} The bulk of Eighth Amendment jurisprudence concerns whether punishment is disproportionate to the crime. *In re C.P.,* 131 Ohio St.3d 513, 2012-Ohio-1446, ¶ 25. Central to that prohibition against cruel and unusual punishment is the " 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " *Id.*, quoting *Weems v. United States,* 217 U.S. 349, 367 (1910).

Proportionality review falls within two general classifications: the first involves "challenges to the length of term-of-years sentences given all the circumstances in a particular case." *In re C.P.* at ¶ 26. The second, which until recently was applied only in capital cases, involves "cases in which the Court implements the proportionality standard by certain categorical restrictions." *Graham v. Florida*, 560 U.S. 48, 59 (2010).

{¶ 17} In *Graham,* the United States Supreme Court held that the Eighth Amendment to the United States Constitution categorically prohibits sentencing a juvenile to a term of life imprisonment without the possibility of parole for non-homicide offenses. *Id.* at 75. Here, appellant received prison terms which, when served consecutively, add up to a 67 years in prison. Thus, *Graham* does not specifically apply to appellant's case because he did not receive a life sentence without the possibility of parole for his convictions. *See State v. Bokeno*, 12th Dist. No. CA2011-03-044, 2012-Ohio-4218, ¶ 29 (rejecting *Graham* argument because defendant received life sentence with possibility of parole). Even so, as the state notes, appellant will be eligible for judicial release after serving one-half of his prison term: 33½ years. R.C. 2929.20(C)(5). The *Graham* court noted that "[a] State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Id.* at 82. The state has provided appellant with an opportunity to obtain release before the end of his stated prison term. *See Goins v. Smith*, N.D.Ohio No. 4:09-CV-1551 (July 24, 2012) (noting judicial release statute which allows defendant in Ohio to markedly improve his ability to pursue release).

{¶ 18} Appellant argues, however, that other courts have equated lengthy terms of imprisonment such as the one appellant received in this case as the "functional equivalent of a life sentence" that is prohibited by *Graham*. *See e.g.*, *People v. Rainer*, Col.App. No. 10CA2414 (Apr. 11, 2013), ¶ 60-79. We reject that argument for two reasons. First, no court in Ohio has accepted this expansive view of the *Graham* case and, in fact, two federal courts in this state have rejected it. *Bunch v. Smith*, 685 F.3d 546, 552 (6th Cir.2012) (rejecting argument but noting split in authority); *Goins*. Second, the *Graham* court categorically prohibited the imposition of a life sentence without the possibility of parole imposed on a juvenile for a non-homicide offense. The

category of punishments prohibited is clear and easy to identify. The court did not include non-lifetime but otherwise lengthy sentences and indeed, it would be hard to arrive at a categorical prohibition against such a wide range of possible sentences that could, arguably, constitute a "functional equivalent of a life sentence." *Bunch* at 552-53, citing *Henry v. State*, 82 So.3d 1084, 1089 (Fla.App.2012) (quoting *Henry,* which stated, " ' [i]f the Supreme Court has more in mind, it will have to say what that is.' ").

{¶ 19} Additionally, we note that the Supreme Court of Ohio analyzes cruel and unusual disproportionality claims[2] arising from lengthy aggregate terms of consecutive sentences based on the individual sentences imposed on each count and not the "cumulative impact of multiple sentences imposed consecutively." *Hairston* at ¶ 20.[3] "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.*; *State v. Flagg*, 8th Dist. No. 95958, 2011-Ohio-5386, ¶ 15. Appellant does not argue that any of his individual prison sentences were outside of the statutory sentencing guidelines, that the trial court improperly ordered those sentences served consecutively, or that any of the individual sentences amount to cruel and unusual punishment for his offenses. Instead, appellant argues just that the aggregate amount of those sentences is cruel and unusual punishment. This argument is insufficient to demonstrate a cruel and unusual punishment violation. *Hairston* at ¶ 23 (because individual sentences do not amount to cruel and unusual punishment, total aggregate term likewise fails); *State v. Anderson*, 4th Dist. No. 10CA44, 2012-Ohio-3245, ¶ 47.

---

[2] Specifically, challenges to the length of sentences given all the circumstances in a particular case. In re C.P. at ¶ 26. The Eighth Amendment does not require strict proportionality between crime and sentence but forbids only extreme sentences that are grossly disproportionate to the crime. *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, ¶ 29 (8th Dist.), citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991). The Supreme Court of Ohio has stated that, " '[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person,' " and furthermore that " 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.' " *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 14, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 371 (1999).

[3] We recognize that the *Graham* decision was based on a categorical Eighth Amendment challenge and not a disproportionality term of years challenge as in *Hairston. See In re C.P.* at ¶ 26 (recognizing distinct types of challenges). We highlight *Hairston*, however, to point out the Supreme Court of Ohio's focus on individual sentences for Eighth Amendment purposes and not simply the total aggregate sentence.

Lastly, there is nothing shocking about an individual receiving such a lengthy prison sentence because he pled guilty to a number of offenses, including five separate aggravated robberies involving a firearm as well as other conduct involving sexual behavior with certain of his victims. The more crimes an individual commits, the more likely it is that the ultimate prison sentence will indeed be a lengthy one. *See State v. Carse*, 10th Dist. No. 09AP-932, 2010-Ohio-4513, ¶ 74 (noting that the severity of sentence resulted in part from the number of crimes committed).

{¶ 20} In conclusion, the total prison sentence appellant received in this matter does not violate the constitutional prohibitions against cruel and unusual punishments. Accordingly, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 21} Having overruled appellant's two assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and CONNOR, JJ., concur.

———————————————