[Cite as *State v. Ferdinandsen*, 2016-Ohio-7172.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**               **CASE NO. 5-16-08**

    **v.**

**ROBERT C. FERDINANDSEN,**           **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2014CR307**

**Judgment Affirmed**

**Date of Decision: October 3, 2016**

**APPEARANCES:**

    *William T. Cramer* **for Appellant**

    *Alex K. Treece* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Robert C. Ferdinandsen ("Ferdinandsen"), appeals the February 23, 2016 judgment entry of sentence of the Hancock County Court of Common Pleas. We affirm.

{¶2} On December 30, 2014, the Hancock County Grand Jury indicted Ferdinandsen on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. (Doc. No. 1). On January 7, 2015, Ferdinandsen appeared for arraignment and entered a plea of not guilty. (Doc. No. 5).

{¶3} On April 20, 2015, a change-of-plea hearing was held. (Apr. 20, 2015 Tr. at 3). Pursuant to a negotiated plea agreement, Ferdinandsen pled guilty to the count of the indictment, and the parties jointly recommended that Ferdinandsen be sentenced to five years of community control with a three-year reserved prison term. (*Id.* at 4-5); (Doc. Nos. 21, 23). The trial court conducted a Crim.R. 11 colloquy, accepted Ferdinandsen's guilty plea, and ordered a presentence investigation. (*Id.* at 5-18); (*Id.*).

{¶4} On July 28, 2015, Ferdinandsen filed a motion to withdraw his guilty plea. (Doc. No. 37). After a hearing on September 16, 2015, the trial court, on December 14, 2015, denied Ferdinandsen's motion to withdraw his guilty plea. (Doc. No. 55).

**{¶5}** On February 10, 2016, the trial court sentenced Ferdinandsen to four years in prison. (Feb. 10, 2016 Tr. at 65). The trial court filed its judgment entry of sentence on February 23, 2016. (Doc. No. 66).

**{¶6}** Ferdinandsen filed his notice of appeal on March 22, 2016. (Doc. No. 87). He raises one assignment of error for our review.

### Assignment of Error

**The trial court abused its discretion in denying appellant's pre-sentence motion to withdraw his guilty plea.**

**{¶7}** In his assignment of error, Ferdinandsen argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. In particular, he argues that the trial court abused its discretion by denying his motion because there was no evidence that the State would have been prejudiced and because he presented an arguable claim of actual innocence.

**{¶8}** A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

**{¶9}** We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1)

whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶10} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261, 361 (1977). An abuse of discretion implies that the trial court acted unreasonably,

arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

{¶11} An examination of the reasonable-and-legitimate-basis factors supports that the trial court's decision to deny Ferdinandsen's presentence motion to withdraw his guilty plea was not unreasonable, arbitrary, or unconscionable. That is, the trial court did not abuse its discretion by concluding that Ferdinandsen's motion to withdraw his guilty plea was nothing more than a change of heart.

{¶12} First, Ferdinandsen argues that the first factor weighs in his favor—that is, that the State did not articulate any reasons that it would be prejudiced if Ferdinandsen's motion were to be granted. In response, the State acknowledges that it conceded at the September 16, 2015 hearing that it would not be prejudiced because all of the witnesses would be available to testify; however, the State argues on appeal that allowing Ferdinandsen to withdraw his guilty plea "could have potentially prejudiced the prosecution due to the continued delay of the case." (Appellee's Brief at 5). "Prejudice will not be presumed when it is not articulated." *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 23, citing *Griffin* at 554. The State conceded that all of the witnesses would be available for trial, and did not articulate to the trial court any other prejudice. Likewise, as in

*Zimmerman*, the prejudice argued by the State on appeal appears to relate "only to the inconvenience of having to prosecute its case, rather than relating to actual, articulated prejudice." *Id.* at ¶ 24. Thus, we agree that the first factor weighs in Ferdinandsen's favor.

**{¶13}** Although "the prejudice to the State is often classified as the most important factor in the balancing test," the remaining factors weigh against granting Ferdinandsen's motion to withdraw his guilty plea. *See id.* at ¶ 23, citing *State v. Cuthbertson*, 139 Ohio App.3d 895, 899 (7th Dist.2000), citing *Fish*, 104 Ohio App.3d at 240. *See also North*, 2015-Ohio-720, at ¶ 27 (concluding that the trial court did not abuse its discretion by overruling North's presentence motion to withdraw his guilty plea even though there was a lack of prejudice to the prosecution).

**{¶14}** As Ferdinandsen concedes, the third, fourth, fifth, and eighth factors do not weigh in his favor. The trial court conducted an extensive Crim.R. 11 hearing and an extensive hearing on Ferdinandsen's motion to withdraw his guilty plea. (Apr. 20, 2015 Tr.); (Sept. 16, 2015 Tr.). At Ferdinandsen's change-of-plea hearing, the trial court conducted a thorough colloquy with Ferdinandsen, as required by Crim.R. 11, and informed him of all of the rights he was waiving by pleading guilty to the charges. (Apr. 20, 2015 Tr. at 6-16). The trial court informed Ferdinandsen that he was waiving his right to a jury trial, the right to confront witnesses against

him, the right to subpoena witnesses to appear on his behalf, the privilege against self-incrimination, and the right to have the prosecutor prove all elements of the offense beyond a reasonable doubt. (*Id.* at 14-16). However, Ferdinandsen contends that the trial court's plea colloquy was deficient because the trial court failed "to explore the elements of the offense or applicable defenses." (Appellant's Brief at 9). More specifically, Ferdinandsen argues that "the problems in this case could have been avoid [sic] with a slightly more involved discussion about potential defenses, including the obvious self-defense claim." (*Id.*).

{¶15} "It is well-settled that there is no requirement under Crim.R. 11(C)(2) that trial courts apprise defendants of available defenses when accepting a change of plea." *State v. Phillips*, 3d Dist. Van Wert No. 15-12-02, 2012-Ohio-5950, ¶ 31, citing *State v. Reynolds*, 40 Ohio St.3d 334 (1988), syllabus and *State v. Ingram*, 7th Dist. Mahoning No. 09 MA 98, 2010-Ohio-1093, ¶ 22. *See also State v. Gardner*, 3d Dist. Union Nos. 14-02-18 and 14-02-19, 2003-Ohio-1580, ¶ 1 (rejecting Gardner's argument that his plea colloquy was inadequate because "he was not informed that a guilty plea would waive any self-defense claim"). Moreover, Ferdinandsen did not indicate to the trial court at the change-of-plea hearing that he had a self-defense claim. *See State v. Schlegel*, 3d Dist. Defiance Nos. 4-14-12 and 4-14-13, 2015-Ohio-1183, ¶ 22 ("Moreover, Schlegel made no argument at the plea hearing, at the sentencing hearing, or on appeal that he had a

complete defense to the charge."). Accordingly, Ferdinandsen's argument that his Crim.R. 11 hearing was inadequate because the trial court did not advise him that he was waiving his self-defense claim is erroneous.

**{¶16}** The record also illustrates that Ferdinandsen understood the nature of the charge and potential sentence. Indeed, the following exchanges took place at the change-of-plea hearing:

[Trial Court]: I read the indictment when we came into court. Did you receive or were you served a copy of that indictment some time earlier?

[Ferdinandsen]: Yes, I was.

[Trial Court]: Have you read that over?

[Ferdinandsen]: Yes, I did.

[Trial Court]: Do you understand the charge?

[Ferdinandsen]: Yes, I do.

[Trial Court]: Do you understand that a plea of guilty to the charge today here in court by you is a complete admission that you committed this offense?

[Ferdinandsen]: Yes, I do, Your Honor.

(Apr. 20, 2015 Tr. at 9-10). Further, Ferdinandsen indicated that he understood the trial court's explanation of the potential sentence for the crime to which he was

pleading guilty. (*See id.* at 10-14). As such, the eighth factor does not weigh in Ferdinandsen's favor.

{¶17} Likewise, the record illustrates that the hearing on Ferdinandsen's motion to withdraw his guilty plea was extensive. Indeed, Ferdinandsen concedes that "the motion to withdraw turned into a mini trial with all three of the main witnesses testifying." (Appellant's Brief at 9). Ferdinandsen further concedes that "the trial court gave ample consideration to the motion." (*Id.*). As such, the fourth and fifth factors do not weigh in Ferdinandsen's favor.

{¶18} Further, we conclude that the second, sixth, seventh, and ninth factors do not weigh in Ferdinandsen's favor. As to the sixth factor, the timing of Ferdinandsen's motion to withdraw his plea was not reasonable. In this case, Ferdinandsen pled guilty to the charge in the indictment. Prior to sentencing, the trial court ordered a presentence investigation to be completed by the trial court's probation department. As part of its presentence investigation, the trial court requires defendants to provide to the probation department a urine sample for testing. At the time Ferdinandsen was providing his urine sample, it was discovered that he was using a "whizzinator," "which is a device designed to hold urine in a bag around the waist that could be released through a fake penis attachment." (Appellant's Brief at 1). The trial court ordered Ferdinandsen to remain at the probation department until he could provide his own urine sample. Ferdinandsen

eventually complied, and his sample "proved to be negative for the presence of illegal drugs." (Doc. No. 55). Regarding his use of the whizzinator in light of his negative urine-sample results, Ferdinandsen explained to the trial court "that he has a difficult time urinating in the presence of others." (*Id.*). Before the trial court could sentence him, Ferdinandsen filed his motion to withdraw his guilty plea.

{¶19} The timing of Ferdinandsen's motion is suspect because it was only after the whizzinator incident, and the State's subsequent indication that it intended to pursue a sentencing recommendation different than that in the negotiated plea agreement, that Ferdinandsen wanted to withdraw his plea.[1] As such, we conclude that the timing of Ferdinandsen's motion is unreasonable. *See Schlegel*, 2015-Ohio-1183, at ¶ 21 (concluding that the timing of Schlegel's presentence motion to withdraw his guilty plea was unreasonable because "[i]t was only at the sentencing hearing, after Schlegel had been removed from [his rehabilitation program for failing to participate in the program], that he attempted to withdraw his plea").

{¶20} Notwithstanding the suspect timing of Ferdinandsen's motion, Ferdinandsen states that the reasons for his motion are that he is actually innocent and that his trial counsel at the change-of-plea hearing "pressured and coerced [him]

---

[1] At a hearing on November 20, 2015, the State acknowledged that it did not reserve at the Crim.R. 11 hearing the right to amend the sentencing recommendation to which it agreed to in the negotiated plea agreement. (Nov. 20, 2015 Tr. at 5). Assuming that it was bound to the original sentencing recommendation because it did not make that reservation, the State agreed to adhere to the original sentencing recommendation. (*Id.*). However, the State asserted that it would not abide by that sentencing recommendation if the trial court granted Ferdinandsen's motion to withdraw his guilty plea and the case proceeded to trial. (*Id.*).

to enter a plea and that he was left with no other viable option." (Doc. No. 37). Based on that argument, to determine whether the seventh factor—the stated reasons for the motion—weighs in his favor, we must examine it in conjunction with his arguments as to the second and ninth factors.

{¶21} We will first address the ninth factor—Ferdinandsen's claim of innocence. "In weighing the ninth factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19, quoting *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9. Claims of innocence must be substantiated. *North*, 2015-Ohio-720, at ¶ 27.

{¶22} Ferdinandsen argues that he is innocent because he acted in self-defense. To establish a self-defense claim for the use of non-deadly force, the defendant must (1) not be "'"at fault in creating the situation giving rise to the affray,"'" and (2) have an "'"objectively reasonable and subjectively honest"'" bona fide belief, even if that belief is mistaken, "'"that he was in imminent danger of any

bodily harm.'"'" *State v. Wagner*, 3d Dist. Seneca No. 13-15-18, 2015-Ohio-5183, ¶ 10, quoting *State v. Kimmel*, 3d Dist. Wyandot No. 16-10-06, 2011-Ohio-660, ¶ 19, quoting *Struthers v. Williams*, 7th Dist. Mahoning No. 07 MA 55, 2008-Ohio-6637, ¶ 15, and citing *State v. Vielma*, 3d Dist. Paulding No. 11-11-03, 2012-Ohio-875, ¶ 37. As an affirmative defense, the defendant must prove by a preponderance of the evidence the elements of self-defense. *State v. Reed*, 9th Dist. Summit No. 27755, 2016-Ohio-5123, ¶ 15, citing *State v. Cornwell*, 9th Dist. Wayne No. 14AP0017, 2015-Ohio-4617, ¶ 19, citing R.C. 2901.05(A).

{¶23} As we noted above, the trial court provided Ferdinandsen great latitude in allowing him to present evidence of his self-defense claim. Indeed, Ferdinandsen and his then-girlfriend, Kristen Hoffman ("Hoffman"), testified to the version of events that led to Ferdinandsen assaulting the victim. The testimony at the hearing on Ferdinandsen's motion revealed that he was involved in an altercation with Hoffman, which caused the victim to intervene to come to Hoffman's aid. (*See* Sept. 16, 2015 Tr. at 11-12, 20). When the victim did so, Ferdinandsen feloniously assaulted the victim. (*Id.* at 32-33). Notwithstanding that, Ferdinandsen and Hoffman testified that Ferdinandsen acted in self-defense because (1) it appeared that the victim had an object in his hand, (2) Ferdinandsen was pinned against his garage, and (3) Ferdinandsen warned the victim to "stay back" two to three times as the victim was coming toward him. (*Id.* at 12-13, 31-32). After

hearing that testimony, the trial court rejected Ferdinandsen's self-defense claim after concluding that Ferdinandsen "created the situation giving rise to his assault of [the victim]." (Doc. No. 55). Thus, because the trial court concluded that Ferdinandsen's self-defense claim is unsubstantiated, it further concluded that Ferdinandsen's motion to withdraw his guilty plea was nothing more than a change of heart.

{¶24} Nonetheless, in an effort to combat the conclusion that his wish to change his plea was anything more than a change of heart, Ferdinandsen points to the second factor and argues that his prior counsel was ineffective and coerced him into pleading guilty. With respect to his claim that he was denied the effective assistance of counsel, we note that a defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance, the defendant would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) and *Strickland* at 687.

**{¶25}** Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976). When asserting that counsel failed to introduce evidence, the defendant must show that "such evidence was available or that it would have corroborated [the defendant's] assertions." *State v. Dunn*, 3d Dist. Allen No. 1-02-98, 2003-Ohio-4353, ¶ 19.

**{¶26}** On appeal, Ferdinandsen argues that his prior counsel was ineffective because he "ignored [his] protestations of innocence and guaranteed he would lose at trial based on his prior record." (Appellant's Brief at 8). In particular, Ferdinandsen argues that his prior

> counsel never explained that Ferdinandsen's record would not be admissible if he avoided testifying. And Hoffman could have provided all the facts relevant to self-defense without Ferdinandsen taking the stand * * * [b]ut counsel would not have known any of that because he never interviewed Hoffman.

(*Id.* at 9). Ferdinandsen cannot sustain his burden of proving that his prior counsel's performance was deficient or unreasonable under the circumstances or that there is a reasonable probability that he would not have pled guilty.

{¶27} Ferdinandsen cannot show that his prior counsel's advice was deficient or unreasonable under the circumstances for two reasons. First, Ferdinandsen cannot show that his prior counsel's advice was anything more than trial strategy. As we noted above, Ferdinandsen argues that his prior counsel advised him to accept the negotiated plea agreement as opposed to taking the case to trial. According to Ferdinandsen, his prior counsel "guaranteed [Ferdinandsen] would lose at trial based on his prior record" because his prior record would be used against him since he would have to testify to assert his self-defense claim. (Appellant's Brief at 8). "'[A]n attorney's advice to take a plea deal is not ineffective assistance of counsel.'" *State v. Robinson,* 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. Rather, Ferdinandsen's prior counsel's advice "constitute[s] nothing more than counsel's attempts to provide [Ferdinandsen] with informed advice, to relay worst case scenarios to him, and to make recommendations to him on how to proceed." *Id.*, citing *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 57.

{¶28} Furthermore, Ferdinandsen argues that his prior counsel's advice to accept the negotiated plea agreement amounted to ineffective assistance of counsel because his prior counsel failed to interview Hoffman and failed to explain to Ferdinandsen that Hoffman's testimony could have established Ferdinandsen's self-

defense claim thereby avoiding any prejudice from Ferdinandsen's criminal record being raised. Ferdinandsen's argument is meritless. Although we do not know what underscored Ferdinandsen's prior counsel's advice, Ferdinandsen fails to acknowledge that Hoffman provided a written statement to law enforcement detailing what she witnessed during the altercation, which would have been available for review. Even if we assume that Ferdinandsen's prior counsel's actions concerning Hoffman are deficient or unreasonable under the circumstances, Ferdinandsen cannot show that Hoffman's testimony would have corroborated his self-defense claim—that is, that he would have been entitled to a self-defense instruction based on Hoffman's testimony. Jury instructions are within the discretion of the trial court. *See State v. Gripper*, 10th Dist. Franklin No. 12AP-396, 2013-Ohio-2740, ¶ 17. As we discussed above, Hoffman testified as to what she witnessed the night of the altercation and the trial court rejected Ferdinandsen's self-defense claim after concluding that Ferdinandsen "created the situation giving rise to his assault of [the victim]." (Doc. No. 55). *Compare Reed*, 2016-Ohio-5123, at ¶ 16 (concluding, in part that, that the trial court did not abuse its discretion by denying Reed's self-defense jury instruction because "Reed failed to offer sufficient evidence that he was not at fault for creating the violent situation"), citing *State v. Nichols*, 4th Dist. Scioto No. 01CA2775, 2002 WL 126973, *3 (Jan. 22, 2002). For these reasons, Ferdinandsen cannot show that his prior counsel's advice was

deficient or unreasonable under the circumstances. *See State v. Strong*, 6th Dist. Wood No. WD-08-009, 2009-Ohio-1528, ¶ 34 (rejecting Strong's argument that his counsel was ineffective for failing to explain to Strong all of his possible defenses and explore issues raised by Strong).

**{¶29}** Ferdinandsen also did not demonstrate that he was prejudiced by his prior counsel's advice—that is, that he would not have pled guilty to the charge. As in *State v. Ganguly*, Ferdinandsen's argument that he was pressured to accept the negotiated plea agreement "taken on its face would make the second factor weigh heavily in [his] favor." 10th Dist. Franklin No. 14AP-383, 2015-Ohio-845, ¶ 17. However, as in *Ganguly*, the trial court weighed Ferdinandsen's credibility when considering this factor, and did not find him to be credible. *See id.* First, at Ferdinandsen's change-of-plea hearing, there was no indication of any issues between Ferdinandsen and his then-counsel. At that hearing, Ferdinandsen represented to the trial court that he was satisfied with his then-counsel's legal advice and that he and his then-counsel had enough time to review the negotiated plea agreement prior to Ferdinandsen entering his guilty plea. (Apr. 20, 2015 Tr. at 7-8). Yet, Ferdinandsen's motion to withdraw his guilty plea represents that those statements were untrue.

**{¶30}** Ferdinandsen's prior attorney did not testify at the hearing on Ferdinandsen's motion to withdraw his guilty plea. As such, the only evidence

presented regarding Ferdinandsen's prior counsel's "bad advice" was Ferdinandsen's and Hoffman's testimony. The trial court was in the best position to evaluate the credibly of witnesses. *Ganguly* at ¶ 17, citing *State v. Burris*, 10th Dist. Franklin No. 13AP-238, 2013-Ohio-5108, ¶ 18 and *State v. Watkins*, 10th Dist. Franklin No. 13AP-133, 2013-Ohio-5544, ¶ 11. More specifically, the trial court was in the best position to determine Ferdinandsen's motivation to enter his plea initially and his credibility at the subsequent plea-withdrawal hearing because it had the opportunity to observe him at both hearings. *Id.* In concluding that it did not find Ferdinandsen credible, the trial court acknowledged that Ferdinandsen's (1) "deceitful conduct" with respect to the whizzinator incident; (2) admission "that he prepared a false letter of apology to [the victim] in an effort to gain favor with the court;" and (3) "demeanor and appearance was highly suggestive of deception [because] he was extremely nervous and jittery while he was on the witness stand" weighed against his credibility. (Doc. No. 55). Because the trial court was in the best position to assess credibility, the trial court did not abuse its discretion by concluding that the second factor does not weigh in Ferdinandsen's favor after concluding that Ferdinandsen's and Hoffman's testimony was not credible.

{¶31} Moreover, Ferdinandsen was offered a very favorable negotiated plea agreement in which the State agreed to jointly recommend to the trial court that Ferdinandsen be sentenced to five years of community control with a three-year

reserved prison term. That sentence recommendation is favorable to Ferdinandsen—the charge in the indictment carries a presumption in favor of prison of two to eight years. (*See id.* at 10, 13). Thus, Ferdinandsen did not show that he was prejudiced by his prior counsel. Accordingly, the trial court did not abuse its discretion by concluding that the second factor does not weigh in Ferdinandsen's favor.

**{¶32}** Although we concluded that the prosecution would not be prejudiced if the trial court allowed Ferdinandsen to withdraw his guilty plea, the indications that Ferdinandsen's motion is nothing more than a change of heart demonstrate that the trial court's denial of his motion was not unreasonable, arbitrary, or unconscionable. *See North*, 2015-Ohio-720, at ¶ 27 ("'[It] is not an abuse of discretion for the trial court to find that a reasonable and legitimate basis did not exist on which to grant a motion to withdraw the plea even though the state would not be prejudiced if the motion were granted.'"), quoting *State v. Littlefield*, 4th Dist. Ross No. 03CA2747, 2004-Ohio-5996, ¶ 12; *Jones*, 2011-Ohio-2903, at ¶ 20 ("'When none of the [] factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea.'"), quoting *State v. Moore*, 7th Dist. Columbiana No. 06 CO 74, 2008-Ohio-1039, ¶ 13.

Accordingly, we conclude that the trial court did not abuse its discretion by denying Ferdinandsen's motion to withdraw his guilty plea.

**{¶33}** Ferdinandsen's assignment of error is overruled.

**{¶34}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**

**ROGERS, J. dissenting.**

**{¶35}** I respectfully dissent from the opinion of the majority.

**{¶36}** First, the state conceded at the hearing on the motion to withdraw that it would suffer no prejudice by allowing the Appellant to withdraw his plea. This factor should be given great weight. The majority acknowledges that presentence motions to withdraw a plea should be freely granted, but then searches for reasons to deny the motion.

**{¶37}** Second, the Appellant stated the basis for withdrawing his plea. The Appellant stated that believes he may have a defense in the form of self-defense. In my opinion, the trial court proceeded to weigh the evidence of that potential defense and determined that the evidence of that defense was inadequate. However, it was not the role of the trial court to become the trier of fact on the issue of self-defense.

{¶38} The majority argues that the defense would not be available because the Appellant was at fault in creating the situation. However, while the Appellant may have had fault in creating a situation with the girlfriend, Hoffman, there is a substantial question of fact as to whether a jury would find that he created the situation with the neighbor. The neighbor volunteered to get involved, crossed a fence to get to Appellant, and had a Maglite in his hand. There is even a question whether Hoffman was still outside the house when the neighbor confronted Appellant.

{¶39} These are all questions which should be presented to the trier of fact and not weighed by the judge.

{¶40} Accordingly, I would sustain the assignment of error and remand the matter for trial.