[Cite as *State v. Miller*, 2020-Ohio-5377.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

                                             CASE NO. 5-20-15

      PLAINTIFF-APPELLEE,

      v.

MARCUS P. MILLER, JR.,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CR 280

**Judgment Affirmed**

**Date of Decision:  November 23, 2020**

APPEARANCES:

    *Michael H. Stahl* **for Appellant**

    *Steven M. Powell* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Marcus P. Miller, Jr. ("Miller") appeals the judgment of the Hancock County Court of Common Pleas, alleging (1) that the trial court erred by denying his motion to withdraw his guilty plea and (2) that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 22, 2018, a confidential informant made arrangements to purchase methamphetamines from Mike Campbell ("Campbell") as part of a controlled buy operation that was undertaken in coordination with the police. PSI. The controlled buy was set to occur in the parking lot of a local Family Dollar. PSI. At 1:45 P.M., the confidential informant went to the Family Dollar parking lot and entered into a vehicle where Campbell and Miller were waiting for him. PSI. In exchange for $200.00, the confidential informant received a 3.61-gram compound that contained methamphetamines. PSI. On June 25, 2019, Miller was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A). Doc. 1. This was a felony of the third degree. Doc. 3. On July 12, 2019, Miller pled not guilty to this charge. Doc. 7.

{¶3} On January 6, 2020, Miller appeared before the trial court at a change of plea hearing. January 6 Tr. 3. Miller withdrew his prior plea of not guilty. Doc. 51. He then pled guilty to the amended charge of one count of attempted aggravated

trafficking in drugs in violation of R.C. 2925.03(A), 2923.02(A). Doc. 51. This was a felony of the fourth degree. Doc. 51. The trial court accepted Miller's guilty plea. Doc. 60. Miller was then released on bond. February 13 Tr. 3. At that time, Miller told the bond officer that he intended to withdraw his guilty plea and indicated that he had only pled guilty so that he could get released on bond. *Id*. at 8. The bond officer noted this in the bond log. *Id*. at 7.

{¶4} On February 13, 2020, Miller appeared for his sentencing hearing and made a verbal motion to withdraw his guilty plea. February 13 Tr. 6. Defense counsel explained Miller's reasons for wanting to withdraw his guilty pleas as follows:

> **[I]n this alleged incident, there are allegedly three people inside a vehicle engaging in a drug transaction. One of the three people * * * has since deceased, possibly from an overdose on drugs. Then there is the person accused of this [Miller], and then there is a confidential informant. We have reason to believe that [the] confidential informant has been and will be less than cooperative with the State of Ohio.**

February 13 Tr. 6. However, defense counsel further explained that

> **this [was] information that was made available to us before the plea. We advised the State of Ohio of such. And that was, I think, one of the reasons for evidentiary concerns for the plea deal to be engaged in, reducing the felony three to a felony four, significantly minimizing my client's exposure to a maximum penalty of 36 months, to now a potential 18 months in prison, minus credit for any time he has served.**

*Id*. at 6-7. Defense counsel also indicated that Miller had pled guilty so that he could be released on bond, seek out the confidential informant, and "verify whether the confidential informant would testify against [him] * * *." *Id*. at 13.

{¶5} The State noted that Miller had not filed a motion to withdraw his guilty plea before his sentencing hearing. February 13 Tr. 8, 10. However, the State did confirm the representations of the defense counsel regarding the plea negotiations, saying that it was

> **correct that part of the plea negotiations, or reasons for the State's offer had to do with an uncooperative confidential informant, another deceased potential witness, and other evidentiary concerns and factors. This was part of the give and take of the plea agreement, if you will, and part of a joint sentencing recommendation.**

*Id*. at 9. The State further noted that the trial court had engaged in "a very extensive Rule 11 colloquy" when Miller had pled guilty. *Id*. at 10. The State asserted that "there [was] no lawful reason why this knowing, intelligent and voluntary plea * * * should not proceed forward." *Id*.

{¶6} After hearing the arguments of the parties, the trial court then evaluated the circumstances of this case under the appropriate factors. February 13 Tr. 17-22, citing *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 9. The trial court then denied Miller's motion to withdraw his guilty plea and proceeded to sentencing. *Id*. at 22. On February 25, 2020, the trial court issued its judgment entry of sentencing. Doc. 67.

{¶7} The appellant filed his notice of appeal on March 10, 2020. Doc. 73. On appeal, Miller raises the following two assignments of error:

**First Assignment of Error**

**The trial court's decision to deny Mr. Miller's motion to withdraw his plea was arbitrary, and as such was made in error.**

**Second Assignment of Error**

**Mr. Miller's counsel provided ineffective assistance of counsel by failing to investigate the claims made by Mr. Miller and failing to request additional time within which to file a written motion to withdraw.**

*First Assignment of Error*

{¶8} Miller argues that the trial court erred and abused its discretion in denying his motion to withdraw his guilty plea.

Legal Standard

{¶9} "A motion to withdraw a guilty plea is governed by Crim.R. 32.1 * * *." *State v. Bush*, 3d Dist. Union No. 14-2000-44, 2002-Ohio-6146, ¶ 10. Under Crim.R. 32.1,

**A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.**

Crim.R. 32.1. While "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] * * * a defendant does not have an absolute right to

withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584

N.E.2d 715, 719 (1992).

{¶10} "A trial court must conduct a hearing to determine whether there is a

reasonable and legitimate basis for the withdrawal of the plea." *Xie*, paragraph one

of the syllabus.

> **Some of the factors that are weighed in considering the trial court's decision on a presentence motion to withdraw a plea are as follows: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.  *State v. Griffin* (2001), 141 Ohio App.3d 551, 554, 752 N.E.2d 310 [7th Dist.].**

*State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21.  "None of the

factors is determinative on its own and there may be numerous additional aspects

'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-

720, ¶ 16.

{¶11} "The decision to grant or deny a motion to withdraw a guilty plea is

within the sound discretion of the trial and will not be disturbed on appeal, absent

an abuse of discretion." *State v. Peacock*, 3d Dist. Seneca No. 13-13-42, 2014-

Ohio-1571, ¶ 26.  An abuse of discretion is not merely an error of judgment.  *State*

*v. Sullivan*, 2017-Ohio-8937, [102 N.E.3d 86], ¶ 20 (3d Dist.).  Rather, an abuse of

discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, 85 N.E.3d 1108, ¶ 11 (3d Dist.).

Legal Analysis

**{¶12}** In this case, the trial court considered the circumstances of this case under the nine factors that are to guide the determination of whether to grant or deny a motion to withdraw a guilty plea. We will consider the trial court's findings under each of these factors. First, as to whether the State would be prejudiced, the trial court determined that the impact on the State would be negligible. February 13 Tr. 18. The trial court pointed to the fact that the prosecution "still had issues about whether the CI would testify." *Id.*

**{¶13}** Second, as to the defendant's representation by counsel, the trial court noted that Miller had "not indicated * * * that he believe[d defense counsel's] representation [was] ineffective, subpar, inadequate in any way." February 13 Tr. 18. The trial court further found that defense counsel was "competent" in his practice. *Id.* Third, as to the extent of the Crim.R. 11 plea hearing, the record indicates that the trial court conducted a thorough Crim.R. 11 colloquy before accepting Miller's guilty plea. *Id.* at 19. *See* January 6 Tr. 17-48.

{¶14} Fourth, as to the extent of the hearing on the motion to withdraw the guilty plea, the trial court offered both the State and the Defense "the opportunity to present any additional evidence or argument" on the matter of withdrawing the plea. February 13 Tr. 19. However, "the Defendant, the defense counsel, State * * * all indicated that they had no additional information to present to the Court." *Id*. at 20. Fifth, the record indicates that the trial court gave adequate consideration to this motion to withdraw. The trial court heard the statements and arguments of defense counsel and the prosecutor. *Id*. at 8, 12, 14. Further, the trial court considered the circumstances of this case under each of the nine applicable factors. *Id*. at 17-22. *See Lane, supra*, at ¶ 21.

{¶15} Sixth, the trial court determined that the timing of the motion was "unreasonable." February 13 Tr. 20. While Miller told the bond officer that he was going to withdraw his guilty plea upon his release from jail, he did not inform defense counsel of this intention or ask his attorney to file a motion to withdraw his guilty plea with the trial court. *Id*. Further, the motion to withdraw was made orally at the sentencing hearing. *Id*. at 8. No motion was filed with the trial court prior to the sentencing hearing.

{¶16} Seventh, the basis of the motion to withdraw was the fact that the confidential informant may not cooperate as a witness for the State. February 13 Tr. 21. However, the trial court noted that the State and the Defense were aware of this fact before the plea agreement was entered. *Id*. at 6, 9. Defense counsel and

the prosecutor indicated that the lack of cooperation from the confidential informant influenced the plea negotiations and was a reason that Miller received a reduced charge in exchange for pleading guilty. *Id*.

{¶17} Eighth, the trial court determined that Miller understood the nature of the charges and the potential sentences. February 13 Tr. 21. During the Crim.R. 11 colloquy at the change of plea hearing, the trial court gave an extensive explanation of the charges against Miller and the potential penalties that he could receive. January 6 Tr. 15, 22-25, 27-40. In response, Miller stated that he had reviewed the various options before him with his attorney and understood the matters discussed during the colloquy. *Id*. at 21, 46.

{¶18} Ninth, no additional information that tended to establish a potential complete defense or show that Miller was not guilty was presented at the hearing on this motion. February 13 Tr. 21. The fact that the confidential informant was not fully complying with the prosecution could potentially pose issues for the State if this case were to proceed to trial. However, the lack of cooperation from the confidential informant is not a complete defense to the charge and is not, in and of itself, an indication that Miller is not guilty of the charged offense. *Id*. at 21.

{¶19} Having considered the circumstances of this case under the nine applicable factors, the trial court concluded that Miller did not have a reasonable and legitimate basis for withdrawing his guilty plea. After reviewing the evidence in the record, we do not find any indication that the trial court abused its discretion

in reaching this determination and in denying Miller's motion to withdraw his guilty plea. Thus, Miller's first assignment of error is overruled.

*Second Assignment of Error*

{¶20} Miller argues that he was denied his right to the effective assistance of counsel because his defense counsel failed to fully investigate whether the confidential informant was willing to cooperate with the State as a witness.

Legal Standard

{¶21} "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Harvey*, 3d Dist. Marion No. 9-19-34, 2020-Ohio-329, ¶ 57, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel. *State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 42. "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶22} In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Howton*, *supra*, at ¶ 35, quoting *Strickland* at 687. Generally, "[a] claim of ineffective assistance of counsel is waived by a guilty plea * * *." *State v. Pettaway*, 3d Dist. Seneca No. 13-14-20, 2015-Ohio-226, ¶ 12. However, an ineffective assistance of counsel claim may still exist if the alleged deficient performance "resulted in * * * [the appellant's] plea not being voluntary or intelligent." *Id.*

{¶23} In order to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 36, quoting *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.). Thus, "[t]o establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Brown*, 3d Dist. Union No. 14-08-11, 2008-Ohio-4649, ¶ 28. If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

{¶24} As a general matter, the representation of a defendant "carries with it a burden to investigate." *State v. Bradley*, 42 Ohio St.3d 136, 146, 538 N.E.2d 373, 383 (1989).

> **[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.**

*Id.* (examining a situation in which the appellant alleged defense counsel was ineffective for failing to interview the State's witnesses), quoting *Strickland, supra*, at 466. *See also State v. Hartman*, 2016-Ohio-2883, 64 N.E.3d 519, ¶ 54 (2d Dist.) (holding "that defense counsel has an obligation to conduct a reasonable pre-trial investigation sufficient to develop appropriate defense strategies.").

Legal Analysis

**{¶25}** In this case, the record indicates that Miller's defense counsel was aware of the issues that the State was having with the confidential informant as a witness. February 13 Tr. 6-7. Further, according to both parties, the issues the State was having with the confidential informant factored into the plea negotiations and were part of the reason Miller was able to secure a reduction of the charge against him in exchange for pleading guilty. *Id*. at 6-7, 9. Given that defense counsel already knew about the issues that the State was having with this confidential informant, Miller has not explained the value of any further investigation into this matter or how this alleged failure to investigate further was objectively unreasonable. *See State v. Hercutt*, 12th Dist. Butler No. CA94-05-108, 1994 WL 580218, *1 (Oct. 24, 1994).

{¶26} After examining the materials in the record, we conclude that Miller has not established that his defense counsel's performance was deficient. *See Bradley, supra*, at 146. Further, Miller also did not establish that he would not have pled guilty if his defense counsel had engaged in further investigation of this matter. Thus, he has not carried the burden of proving that he was denied his right to the effective assistance of counsel. Miller's second assignment of error is overruled.

*Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**