[Cite as *State v. Liles*, 2019-Ohio-3029.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO.  1-18-69

     v.

JERRY R. LILES,                         O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2018 0304

**Judgment Affirmed**

**Date of Decision:   July 29, 2019**

APPEARANCES:

    *Andrea M. Brown* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Jerry R. Liles ("Liles"), appeals the December 11, 2018 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 11, 2018, Liles's vehicle was stopped by an officer of the Lima Police Department after the officer observed Liles commit a marked-lanes violation as he traveled along East Kibby Street in Lima, Ohio. (Doc. No. 2). Following field-sobriety testing, Liles was arrested for operating a motor vehicle while under the influence of alcohol or drugs ("OVI"). (*Id.*). After Liles was arrested, an inventory search of his vehicle uncovered prescription pills located in the center console. (*Id.*).

{¶3} On August 16, 2018, the Allen County Grand Jury indicted Liles on two counts: Count One of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(a), (G)(1)(d), a fourth-degree felony, and Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. (Doc. No. 4). Count One of the indictment included a specification for a mandatory additional prison term for felony OVI violation under R.C. 2941.1413(A). (*Id.*). On August 27, 2018, Liles appeared for arraignment and pleaded not guilty to the counts and specification of the indictment. (Doc. No. 11).

{¶4} A change of plea hearing was held on September 12, 2018. (Doc. No. 17); (Sept. 12, 2018 Tr. at 1). Pursuant to a negotiated plea agreement, Liles withdrew his not guilty pleas and pleaded guilty to Counts One and Two. (Doc. Nos. 16, 17); (Sept. 12, 2018 Tr. at 19-20). In exchange, the State agreed to recommend dismissal of the specification to Count One. (Doc. Nos. 16, 17); (Sept. 12, 2018 Tr. at 1-4). The trial court accepted Liles's guilty pleas, found him guilty, and ordered a presentence investigation. (Doc. No. 17); (Sept. 12, 2018 Tr. at 20). The trial court also dismissed the specification to Count One. (Doc. No. 17); (Sept. 12, 2018 Tr. at 20). A sentencing hearing was scheduled for October 22, 2018. (Doc. No. 17).

{¶5} On September 18, 2018, Liles filed a motion to withdraw his guilty pleas. (Doc. No. 20). In support of his motion, Liles maintained that "he does not drink or use drugs and thus has a defense to the charge." (*Id.*). On November 9, 2018, the State filed a memorandum in opposition to Liles's motion to withdraw his guilty pleas. (Doc. No. 25).

{¶6} A hearing on Liles's motion to withdraw his guilty pleas was held on November 16, 2018. (Doc. No. 27); (Nov. 16, 2018 Tr. at 1). On November 21, 2018, the trial court denied Liles's motion. (Doc. No. 27).

{¶7} On December 11, 2018, the trial court sentenced Liles to two years of community control on Count One and two years of community control on Count

Two, to be served concurrently. (Doc. No. 31). The trial court also sentenced Liles to 66 days in the Allen County Jail with credit for 66 days served. (*Id.*). Finally, the trial court ordered Liles to participate in a drug and alcohol treatment program, and it suspended Liles's driver's license for three years. (*Id.*).

{¶8} Liles filed a notice of appeal on December 18, 2018. (Doc. No. 32). He raises one assignment of error.

## Assignment of Error

**The trial court erred in not allowing defendant-appellant to withdraw his guilty plea pursuant to Crim.R. 32.1 when the trial court failed to substantially comply with the requirements of Crim.R. 11(C)(2).**

{¶9} In his assignment of error, Liles argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty pleas. Specifically, Liles argues that "the trial court's Crim.R. 11 colloquy * * * evidences that his change of plea was not made knowingly and intelligently based upon the trial court's failure to inform [him] of all of the potential penalties he faced with respect to the OVI charge."[1] (Appellant's Brief at 5). He contends that if he had been properly informed of all of the potential penalties, "he may have elected to not enter into the plea deal and plead guilty." (*Id.* at 10). Thus, he argues, the trial court abused its discretion by refusing to allow him to withdraw his guilty pleas. (*Id.*).

---

[1] Liles does not challenge the sufficiency of the Crim.R. 11 colloquy as it pertains to his plea to the charge of aggravated possession of drugs. (*See* Appellant's Brief at 5). However, he argues that because his "plea to that charge was part of the negotiated plea deal, [his] plea as to both charges should be vacated." (*Id.*).

{¶10} Crim.R. 32.1 provides a defendant may file a presentence motion to withdraw a guilty plea. Generally, "presentence motion[s] to withdraw * * * guilty plea[s] should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. As a result, a "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id*.

{¶11} When reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, this court considers several factors, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16,

citing *Griffin* at 554 and *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379. *See State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13 ("Consideration of the factors is a balancing test, and no one factor is conclusive."), citing *Fish* at 240.

**{¶12}** Ultimately, "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Xie* at paragraph two of the syllabus. "Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Keehn*, 3d Dist. Henry No. 7-14-05, 2014-Ohio-3872, ¶ 14, citing *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court." *Keehn* at ¶ 14, citing *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

**{¶13}** Although each of the nine factors referenced above are considered when reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, Liles's argument on appeal is based entirely on the third and eighth factors—

the extent of the trial court's Crim.R. 11 colloquy and the degree to which the Crim.R. 11 colloquy aided his understanding of the potential sentences he was facing. Accordingly, the standards generally governing guilty pleas and Crim.R. 11 colloquies inform our determination of whether the third and eighth factors weigh in Liles's favor. *See State v. Hill*, 7th Dist. Carroll No. 12 CA 881, 2013-Ohio-2552, ¶ 19-25.

**{¶14}** "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily.'" *Id.*, quoting *State v. Cortez*, 3d Dist. Hancock Nos. 5-07-06 and 5-07-07, 2007-Ohio-6150, ¶ 16, citing *State v. Windle*, 4th Dist. Hocking No. 03CA16, 2004-Ohio-6827, ¶ 7. Crim.R. 11(C) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible

for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c). "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court,

however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶15} Under the substantial-compliance standard, "a slight deviation from the text of the rule is permissible." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. "[S]o long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Montgomery* at ¶ 12, quoting *Nero* at 108.

{¶16} Liles argues that the trial court's Crim.R. 11 colloquy was defective because the trial court failed to discuss all of the maximum penalties involved for a fourth-degree felony violation of R.C. 4511.19(A)(1)(a). The penalties for fourth-degree felony OVI are spelled out in R.C. 4511.19(G)(1), which provides in relevant part:

> (d) [A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of [R.C. 4511.19(A) or (B) or other equivalent offenses] is

guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:

(i)   If the sentence is being imposed for a violation of [R.C. 4511.19(A)(1)(a)], * * * in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with [R.C. 2929.13(G)(1)] or a mandatory prison term of sixty consecutive days in accordance with [R.C. 2929.13(G)(2)] if the offender is not convicted of and does not plead guilty to [an R.C. 2941.1413 specification].  If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year * * *.  If the court imposes a mandatory prison term * * * it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months * * *.  If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

* * *

(v)   In all cases, if the vehicle is registered in the offender's name, criminal forfeiture of the vehicle involved in the offense in accordance with [R.C. 4503.234].  * * *

(vi)  In all cases, the court shall order the offender to participate with a community addiction services provider authorized by [R.C. 5119.21], subject to [R.C. 4511.19(I)], and shall order the offender to follow the treatment recommendations of the services provider.

R.C. 4511.19(G)(1)(d)(i), (v)-(vi).[2]

{¶17} Liles argues that the trial court's discussion of the maximum penalties for fourth-degree felony OVI was deficient in three respects.  First, Liles claims that the trial court failed to adequately explain the maximum penalties possible under R.C. 4511.19(G)(1)(d)(i).  Second, Liles argues that the trial court failed to inform him that under R.C. 4511.19(G)(1)(d)(v), his vehicle would be criminally forfeited.  Finally, Liles contends that in the Crim.R. 11 plea colloquy, the trial court implied that it had discretion to order him into drug and alcohol treatment when in fact such treatment was mandatory.  We address each of Liles's contentions in turn.

---

[2] In addition, R.C. 4511.19(G)(1)(d) requires that the trial court impose a mandatory fine of $1,350-$10,500 and a mandatory class two license suspension.  *See* R.C. 4511.19(G)(1)(d)(iii)-(iv).  Here, Liles acknowledges that "the trial court did advise [him] of the mandatory fine and the mandatory driver's license suspension prior to him entering his change of plea." (Appellant's Brief at 9).

{¶18} First, we consider Liles's argument regarding the trial court's failure to fully explain the maximum penalties possible under R.C. 4511.19(G)(1)(d)(i). Liles argues that the plea colloquy was insufficient because he was not informed that "an additional jail term could be imposed, in addition to the 60-day local incarceration term, with the total jail term not to exceed one year." (Appellant's Brief at 8). Furthermore, he contends that he was not informed that if the trial court "imposed a sixty-day mandatory prison term, that an additional definite term of * * * not more than thirty months could also be imposed." (*Id.*). He notes that he was instead told that "he could be sentenced to up to thirty months in prison, sixty days of which was mandatory." (*Id.*). Finally, Liles argues that the "trial court incorrectly informed [him] that he could be sentenced to a term of community control and community control could also include up to a hundred and eighty days in the local jail." (*Id.*).

{¶19} Liles's argument is without merit. Crim.R. 11(C)(2)(a) requires the trial court to determine whether a defendant is entering his plea with an understanding of the maximum penalty involved; by its terms, Crim.R. 11(C)(2)(a) does not require the trial court to determine whether the defendant is aware of every lesser penalty that could be imposed. Under R.C. 4511.19(G)(1)(d)(i), one year of local incarceration was not the maximum penalty Liles was facing. Therefore, the

trial court's failure to apprise Liles that he could be sentenced to up to one year of local incarceration does not affect the sufficiency of the Crim.R. 11 plea colloquy.

**{¶20}** Furthermore, we find that Liles has not demonstrated that he was prejudiced by the trial court's alleged misstatement of the maximum penalty possible under R.C. 4511.19(G)(1)(d)(i). Liles argues that he was not correctly instructed that he could be sentenced to a mandatory term of 60 days in prison plus an additional discretionary definite term of 30 months in prison, resulting in an aggregate maximum term of approximately 32 months. First, we note that, contrary to Liles's interpretation of R.C. 4511.19(G)(1)(d)(i), there is a long-standing body of case law holding that the maximum possible sentence for fourth-degree felony OVI is 30 months in prison, inclusive of the mandatory 60-day prison term. *See State v. Bailey*, 11th Dist. Geauga No. 2006-G-2734, 2007-Ohio-6160, ¶ 14, citing *State v. Gourley*, 12th Dist. Butler No. CA2006-01-003, 2007-Ohio-1221, ¶ 14; *State v. Knopf*, 10th Dist. Franklin No. 05AP-1201, 2006-Ohio-3806, ¶ 5. However, Liles's interpretation of R.C. 4511.19(G)(1)(d)(i) is not an unreasonable one. Thus, for the sake of Liles's argument, we assume without deciding that the maximum term of imprisonment for fourth-degree felony OVI is 30 months plus 60 days and that the trial court failed to inform Liles of this fact.

**{¶21}** Even so, Liles has failed to demonstrate any prejudice arising from the trial court's error. *See Bailey* at ¶ 15-16. Far from being sentenced to a term of

imprisonment approaching 32 months, Liles received two years of community control and 66 days of local incarceration, with time-served credit for the entire 66 days. Thus, as Liles's sentence was less than the actual potential maximum and well within the maximum as stated by the trial court, Liles did not suffer any actual prejudice. *Id.* at ¶ 15 (finding no actual prejudice where the sentence imposed for fourth-degree felony OVI was "less than the actual maximum potential sentence and within the limit of the maximum sentence as stated by the trial judge"). "Where the appellant has failed to demonstrate prejudice and where the sentence imposed does not exceed the misstated maximum sentence, appellate courts have upheld pleas to a [fourth-degree felony OVI conviction] despite the appellant being misinformed about the actual maximum penalty." *Id.* at ¶ 16, citing *Gourley* at ¶ 5-14 and *State v. Tackett*, 3d Dist. Shelby No. 17-01-06, 2001 WL 934431, *1-2 (Aug. 17, 2001).

{¶22} Moreover, Liles incorrectly argues that the trial court erred by informing him that he could be sentenced to a term of community control, which could also eventually include up to 180 days' incarceration. Under R.C. 2929.13(A)(1), a trial court may impose "an additional community control sanction or combination of community control sanctions under [R.C. 2929.16 or 2929.17]" for a fourth-degree felony OVI offense for which sentence is imposed under R.C. 2929.13(G)(1). "If the court imposes upon the offender a community control sanction and the offender violates any condition of the community control sanction,

the court may take any action prescribed in [R.C. 2929.15(B)] relative to the offender, including imposing a prison term on the offender pursuant to [R.C. 2929.15(B)]." R.C. 2929.13(A)(1). Under R.C. 2929.15(B)(1)(c)(ii), "for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony," the offender may be given a prison term not exceeding 180 days. Thus, the trial court accurately advised Liles with respect to community control and potential incarceration in connection with a community control sanction. Altogether, the trial court's discussion of the maximum penalties under R.C. 4511.19(G)(1)(d)(i) was not so lacking as to undermine the knowing and voluntary nature of Liles's plea.

{¶23} Next, we consider Liles's argument that the trial court's plea colloquy was deficient because there was no discussion of the criminal vehicle forfeiture required under R.C. 4511.19(G)(1)(d)(v). Indeed, the trial court failed to include a discussion of criminal vehicle forfeiture in its Crim.R. 11 colloquy. However, because the State did not seek forfeiture of Liles's vehicle, the trial court did not actually order Liles's vehicle forfeited. Where a trial court fails to advise a defendant of some facet of a maximum penalty but otherwise substantially complies

with Crim.R. 11(C)(2)(a), the defendant cannot show prejudice if the trial court does not actually impose the component of the maximum sentence that it did not discuss. *See State v. Taylor*, 8th Dist. Cuyahoga No. 101609, 2015-Ohio-1643, ¶ 17-19, citing *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, ¶ 7 (finding no prejudice where the trial court failed to advise the defendant that the trial court could impose a fine but where it did not actually impose a fine). Therefore, the trial court's failure to discuss vehicle forfeiture does not impair an otherwise extensive Crim.R. 11 colloquy.

{¶24} Finally, we consider Liles's argument that the Crim.R. 11 colloquy was defective because the trial court suggested that it had discretion to send Liles to treatment when such treatment was in fact mandatory. At the change of plea hearing, the trial court stated that it "could order [Liles] into treatment and counseling." (Sept. 12, 2018 Tr. at 7). Thus, we agree with Liles that the trial court's statement implied that it had discretion to order him into treatment and counseling. Nevertheless, the trial court's statement ensured that Liles entered his plea with the knowledge that alcohol and drug treatment was among the maximum penalties. Liles has failed to demonstrate that he would not have entered his plea had he known that he would be required to attend counseling. As a result, Liles has failed to establish that he was prejudiced by the trial court's misstatement in a manner that rendered his plea unknowing and unintelligent.

{¶25} In sum, although the trial court's Crim.R. 11 plea colloquy was less than perfect, the trial court's advisements were sufficient to put Liles on notice of most of the maximum penalties and where the trial court's discussion of a maximum penalty was inaccurate or absent, Liles was not prejudiced as such penalties were not actually imposed. Furthermore, the trial court's Crim.R. 11 colloquy was otherwise thorough as the trial court discussed the nature of the charges against Liles, the effect of his guilty pleas, and the full range of constitutional rights he was waiving by pleading guilty. (*See* Sept. 12, 2018 Tr. at 3-5, 11-13). The trial court also ensured that Liles was not coerced into pleading guilty, that he was not intoxicated, and that he had the opportunity to confer with his counsel. (*Id.* at 14-17). Finally, at the hearing on his motion to withdraw, Liles's counsel even acknowledged that the trial court's Crim.R. 11 colloquy was thorough, and he did not argue that Liles should be permitted to withdraw his pleas because of flaws in the colloquy. (Nov. 16, 2018 Tr. at 3). Therefore, we find that the third and eighth factors do not weigh in Liles's favor.

{¶26} However, as indicated above, our review of the trial court's decision to deny Liles's motion to withdraw requires this court to review each of the factors. We begin by identifying those factors that weigh in Liles's favor. At the trial court level, the State conceded that allowing Liles to withdraw his guilty pleas would not prejudice the prosecution and that Liles's motion "was made within a reasonable

time * * *." (Doc. No. 25). On appeal, the State has not reconsidered this position, and after examining the record, we have found no cause to second-guess the State's concession. Therefore, we find that the first and sixth factors weigh in Liles's favor.

{¶27} Yet, we find that the remaining factors do not weigh in Liles's favor. As to the second factor, we find that Liles was afforded competent legal representation throughout the proceedings in the trial court. With respect to the adequacy of the legal representation provided to Liles, we indulge in a strong presumption that his trial counsel performed competently. *See State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999), citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299 (1965) and *State v. Jackson*, 64 Ohio St.2d 107, 110-111 (1980). The record contains no evidence rebutting this presumption. Instead, the record reflects that Liles received high-quality legal representation. Liles was represented by counsel both at the change of plea hearing and at the hearing on his motion to withdraw, and Liles's trial counsel actively participated in both hearings. (*See* Sept. 12, 2018 Tr. at 2, 21-22); (*See* Nov. 16, 2018 Tr. at 2-14). Perhaps most importantly, Liles's trial counsel's efforts during plea negotiations secured Liles a favorable plea agreement. In exchange for Liles's guilty pleas, the State agreed to request dismissal of the R.C. 2941.1413(A) specification. (*See* Doc. Nos. 16, 17); (Sept. 12, 2018 Tr. at 1-4). The trial court ultimately granted the State's request, and as a result, Liles avoided the possibility of a mandatory additional term of one to five years' imprisonment.

*See* R.C. 2941.1413(A). The favorable negotiated plea agreement is further evidence that Liles was represented by competent trial counsel. *See State v. Williams*, 3d Dist. Logan No. 8-18-06, 2018-Ohio-3615, ¶ 13, citing *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 31. Thus, we find that the second factor does not weigh in Liles's favor.

**{¶28}** In addition, we find that neither the fourth factor nor the fifth factor weighs in Liles's favor. In response to Liles's motion, the trial court conducted a full, separate hearing. (*See* Nov. 16, 2018 Tr. at 1). At the hearing, Liles was able to completely explain his stated reasons for seeking to withdraw his guilty pleas, and he was able to speak and to present witnesses and other evidence on his behalf. (*See id.* at 4-12). At the close of the hearing, the trial court remarked that it had "already begun to review the transcript of the plea hearing" and that it planned to "review all the evidence [that had] been presented * * * in light of the law." (*Id.* at 14). Five days after the hearing, the trial court issued a thorough six-page decision outlining the standards governing presentence motions to withdraw guilty pleas, applying those standards to Liles's motion to withdraw, and ultimately denying Liles's motion after specifically finding that Liles's "stated reasons for wanting to withdraw his plea [were] not believable." (Doc. No. 27). Thus, the trial court conducted a comprehensive hearing on Liles's motion, and it gave full and fair

consideration to Liles's reasons to withdraw his guilty pleas. *See Williams* at ¶ 14. Consequently, the fourth and fifth factors do not weigh in Liles's favor.

**{¶29}** Lastly, we consider whether the seventh and ninth factors weigh in Liles's favor. In this case, because Liles's stated reason for seeking to withdraw his guilty pleas is that he has a defense to the charges against him, we will consider the seventh and ninth factors together. In his motion to withdraw his guilty pleas, Liles "maintain[ed] that he does not drink or use drugs and thus has a defense to the charge[s]." (Doc. No. 20). In rejecting Liles's stated grounds for his motion to withdraw, the trial court noted that the "credibility of the assertions in the motion to withdraw the plea and [Liles's] protestation of innocence [are] * * * in serious question." (Doc. No. 27). The trial court found that Liles's "stated reasons for wanting to withdraw his plea are not believable and there is no credible basis to determine that [Liles] was perhaps not guilty or had a complete defense to the charges." (*Id.*).

**{¶30}** The record supports the trial court's determinations. At the hearing on his motion to withdraw his guilty pleas, Liles insisted that he does not drink alcohol. (Nov. 16, 2018 Tr. at 6). He testified that he was a "changed man," but that he decided to plead guilty simply because he "wanted to get out" of jail. (*Id.* at 5). Liles stated that he wanted to withdraw his guilty pleas so that he could "tell the

truth" about his sobriety and allow the jury to decide whether he was innocent. (*Id.* at 5-6).

{¶31} However, on cross-examination, Liles admitted that he visited two bars in Lima on the day of the alleged offense. (*Id.* at 8-9). He further acknowledged that he consumed one shot of liquor at one of the bars he visited. (*Id.* at 9-10). Nevertheless, Liles continued to maintain that he does not drink alcohol. (*Id.* at 9-10). Furthermore, although Liles testified that he does not use drugs other than those prescribed to him, he acknowledged that he was in possession of Vicodin when his vehicle was stopped. (*Id.* at 10). Finally, despite conceding that he had purchased the Vicodin pill from his neighbor, he claimed that he "didn't use it." (*Id.* at 10-11).

{¶32} Thus, Liles's defense and claims of innocence were completely undermined by his testimony. Although an admission to consuming one shot of liquor is far from conclusive proof that a person operated a vehicle in violation of R.C. 4511.19, where a defense to a violation of R.C. 4511.19 is predicated on total abstinence from drugs or alcohol, evidence of anything less than total abstinence fatally undercuts that defense. Furthermore, Liles's claim that he does not use drugs is completely irrelevant to the charge of aggravated *possession* of drugs, especially given that he admitted to purchasing Vicodin from his neighbor.

**{¶33}** "In weighing the ninth factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19, quoting *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9. Claims of innocence must be substantiated. *North*, 2015-Ohio-720, at ¶ 26-27. Here, because the evidence directly contradicts, rather than substantiates, Liles's claim of innocence, Liles's claim of innocence appears to be more in the nature of a mere change of heart. Therefore, we find that the seventh and ninth factors do not weigh in Liles's favor.

**{¶34}** In conclusion, although we find that the first and sixth factors weigh in Liles's favor, we find that the remaining factors weigh against Liles. Therefore, we conclude that, based on the totality of the circumstances, Liles did not have a reasonable and legitimate basis to withdraw his guilty pleas. *See Williams*, 2018-Ohio-3615, at ¶ 20, quoting *Jones* at ¶ 20 ("'When none of the * * * factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a

change of heart about entering the plea.'"), quoting *State v. Moore*, 7th Dist. Columbiana No. 06 CO 74, 2008-Ohio-1039, ¶ 13. Accordingly, we conclude that the trial court did not abuse its discretion by denying Liles's motion to withdraw his guilty pleas.

**{¶35}** Liles's assignment of error is overruled.

**{¶36}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**