[Cite as *State v. Reed*, 2022-Ohio-2538.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  13-22-02

    v.

TERENCE REED,                            **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 21 CR 0033

Judgment Affirmed

Date of Decision:  July 25, 2022

APPEARANCES:

    *John M. Kahler*  for Appellant

    *Rebeka Beresh*  for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Terence Reed ("Reed"), appeals the December 28, 2021 judgment entry of sentence of the Seneca County Court of Common Pleas. We affirm.

{¶2} This case stems from a February 22, 2021 dispute between Reed and the victim—Reed's former partner—over the wellbeing of their young child. During the argument, Reed entered the victim's residence (without permission) to (according to Reed) ensure the safety of the child. Following his entry into the residence, an altercation between Reed and the victim ensued during which Reed restrained the victim causing her physical harm.

{¶3} On March 25, 2021, the Seneca County Grand Jury indicted Reed on Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony, Count Two of abduction in violation of R.C. 2905.02(A)(2), (C), a third-degree felony, and Count Three of disrupting public services in violation of R.C. 2909.04(A)(3), (C), a fourth-degree felony. On April 7, 2021, Reed appeared for arraignment and entered pleas of not guilty.

{¶4} On November 8, 2021, Reed withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement to an (amended) Count One and Count Two. In exchange for his change of pleas, the State agreed to amend Count One to burglary in violation of R.C. 2911.12(A)(3), (D), a third-degree felony, and

dismiss Count Three. Further, as part of the agreement, the State recommended that the trial court impose a sentence of 30 months in prison as to Count One (as amended) and 24 months in prison as to Count Two, and order that the sentences be served consecutively for an aggregate sentence of 54 months in prison. The trial court conducted a Crim.R. 11 colloquy, accepted Reed's guilty pleas, and found him guilty.

{¶5} On December 9, 2021, Reed filed a motion to withdraw his guilty pleas. Prior to sentencing Reed on December 27, 2021, the trial court permitted the parties an opportunity to address Reed's motion to withdraw his guilty pleas and ultimately denied Reed's motion to withdraw his guilty pleas. (Dec. 27, 2021 Tr. at 9-35). That same day, the trial court imposed the joint-sentencing recommendation and dismissed Count Three.[1] (Doc. No. 42).

{¶6} Reed filed his notice of appeal on January 24, 2022. (Doc. No. 45). He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Abused Its Discretion By Denying Appellant's Motion to Withdraw His Guilty Plea Prior to Sentencing.**

{¶7} In his assignment of error, Reed argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty pleas. In

---

[1] The trial court filed its judgment entry of sentence on December 28, 2021. (Doc. No. 42).

-3-

particular, Reed contends that his trial counsel was ineffective by coercing him into pleading guilty.

*Standard of Review*

{¶8} It is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Analysis*

{¶9} A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *Xie* at 526. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

**{¶10}** We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379. "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

**{¶11}** An examination of the reasonable-and-legitimate-basis factors supports that the trial court's decision to deny Reed's presentence motion to withdraw his guilty pleas was not unreasonable, arbitrary, or unconscionable.

{¶12} Even though Reed contends that the first factor weights in his favor—that the State would not be prejudiced should the trial court permit Reed to withdraw his guilty pleas—the State contends that it would be "unfair to the State as it would require the State of Ohio to now again secure its witnesses and prepare for trial within such a limited time when it was at [Reed's] request to enter such a plea." (Appellee's Brief at 23). However, the prejudice alleged by the State appears to relate "'only to the inconvenience of having to prosecute its case, rather than relating to actual, articulated prejudice.'" *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 12, quoting *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 24. Therefore, we agree that the first factor weighs in Reed's favor. *Accord id.*

{¶13} Next, Reed argues that the sixth factor—the timing of his motion—weighs in his favor. The State concedes as such and we agree that it weighs in favor of granting Reed's presentence motion to withdraw his guilty pleas. Hence, we agree that factors one and six favor Reed's position.

{¶14} However, the remaining seven factors do not weigh in Reed's favor. Notably, Reed concedes that the third and eighth factors do not weigh in his favor. Indeed, the trial court conducted an extensive Crim.R. 11 colloquy and informed him of all of the rights he was waiving by pleading guilty to the charges. Likewise,

the record reflects that Reed understood the nature of the charges and the potential sentence.

{¶15} Moreover, even though Reed argues that fourth and fifth factors—the extent of the hearing on the motion to withdraw his pleas and whether the trial court gave full and fair consideration of the motion—weigh in his favor, we disagree. Contrary to Reed's argument that "there was no hearing held on the motion to withdraw guilty plea[s]," the record reflects that the trial court provided Reed an opportunity to address his motion to withdraw his guilty pleas (to the trial court) and that the trial court gave full and fair consideration of the motion prior to proceeding to sentencing.

{¶16} While the Supreme Court of Ohio has stated "'that a hearing is mandatory,'" it has not defined "'the type of hearing that is required.'" *State v. Elkins*, 4th Dist. Lawrence No. 16CA15, 2016-Ohio-8579, ¶ 10, quoting *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 16. The purpose of the hearing is to determine whether a reasonable and legitimate basis exists for a motion to withdraw a guilty plea. *Wolfson* at ¶ 15, citing *State v. Wright*, 4th Dist. Highland No. 94-CA-853, 1995 WL 368319, *5 (June 19, 1995). Thus, a hearing which comports with "'at least the minimum mandates of due process'" will constitute a full and fair hearing on a motion to withdraw a guilty plea. *Elkins* at ¶ 10, quoting *Wolfson* at ¶ 16. *See State v. Griffin*, 8th Dist. Cuyahoga No. 82832,

2004-Ohio-1246, ¶ 18 (noting that "a trial court inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion"); *State v. Glavic*, 143 Ohio App.3d 583, 589 (11th Dist.2001) (concluding that a trial court need not "schedule a separate hearing" in order to comply with the minimum standards of due process"). *See also State v. Aleshire*, 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16, ¶ 31 (stating that "the scope of the hearing upon a defendant's motion to withdraw his or her previously entered negotiated guilty plea is within the trial court's discretion").

{¶17} Here, although we are concerned by the trial court's decision to permit the parties to address Reed's motion to withdraw his guilty pleas *after* it had already ruled on his motion to withdraw, we cannot say that the scope of the hearing was unreasonable, arbitrary, or unconscionable. Importantly, for nearly 24 pages in the transcript, the trial court inquired as to the reasons why Reed wished to withdraw his pleas and provided Reed with an ample opportunity to present his case. Therefore, based on the record before us, the trial court complied with the mandates of due process. Moreover, since the record reflects that the trial court engaged in a lengthy exchange with Reed as to the reasons he wished to withdraw his pleas, the trial court gave full and fair consideration of Reed's motion. Consequently, even though we remain concerned by the trial court's decision to announce its decision

on the motion prior to hearing Reed's argument, neither the fourth nor the fifth factors weigh in Reed's favor.

{¶18} Turning to the remaining factors, the second, seventh, and ninth factors—i.e., Reed's legal representation, the stated reasons for the motion, and Reed's claim of innocence—we likewise conclude that those factors do not weigh in Reed's favor. In his motion to withdraw his guilty pleas, Reed states that the reason for his motion is because he is innocent and that he "did not want to plead guilty to either offense, but [his trial counsel] insisted that [he] 'had to take' the plea bargain offer" and "that if he didn't take the deal he 'would be found guilty and go to prison.'" (Doc. No. 36). Based on that argument, to determine whether the seventh factor—the stated reasons for the motion—weighs in Reed's favor, we must examine it conjunction with his arguments as to the second and ninth factors.

{¶19} We will first address the ninth factor—Reed's claim of innocence. "In weighing the ninth factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19, quoting *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09

MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9. Claims of innocence must be substantiated. *North*, 2015-Ohio-720, at ¶ 27.

**{¶20}** In this case, Reed pleaded guilty to the offenses of burglary and abduction. The offense of burglary is codified under R.C. 2911.12, which provides in its relevant part, that "[n]o person, by force, stealth, or deception, shall" "[t]respass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense." R.C. 2911.12(A)(3). "Trespass means knowingly entering or remaining on the land or premises of another, without a privilege or permission to be there." *State v. Baker*, 2d Dist. Montgomery No. 26703, 2016-Ohio-315, ¶ 21, citing R.C. 2911.21. "'Force' as used in R.C. 2911.12(A) 'means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.'" *State v. Brock*, 2d Dist. Clark No. 2018-CA-112, 2019-Ohio-3195, ¶ 24, quoting R.C. 2901.01(A)(1). "[T]he requirement of 'force' is satisfied by 'any effort physically exerted.'" *Id.*, quoting *State v. Hudson*, 2d Dist. Montgomery No. 27561, 2018-Ohio-423, ¶ 16.

**{¶21}** "To establish the 'any criminal offense' prong of the burglary statute, the State is required to show that the defendant 'invaded the dwelling for the purpose of committing a crime or that he formed that intent *during* the trespass.'" (Emphasis added.) *Hudson* at ¶ 22, quoting *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-

2787, ¶ 33. "'The purpose with which a person does an act is determined from the manner in which it is done, the means or weapon used, and all the other facts and circumstances in evidence." *Id.*, quoting *State v. Johnson*, 11th Dist. Lake No. 2006-L-259, 2007-Ohio-5783, ¶ 40, and citing R.C. 2901.22(A) (defining purposeful mens rea).

**{¶22}** Reed also pleaded guilty to the offense of abduction in violation of R.C. 2905.02, which provides in its relevant part, that "[n]o person, without privilege to do so, shall knowingly" "[b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear." R.C. 2905.02(A)(2). Physical harm is defined as "an injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**{¶23}** However, Reed argues that he is innocent because he acted in self-defense. To establish a self-defense claim for the use of non-deadly force, the defendant must (1) not be "'"at fault in creating the situation giving rise to the affray"'" and (2) have an objectively reasonable and subjectively honest bona fide belief, even if that belief is mistaken, "'that he was in imminent danger of any bodily harm * * * ."'" *State v. Wagner*, 3d Dist. Seneca No. 13-15-18, 2015-Ohio-5183, ¶ 10, quoting *State v. Kimmel*, 3d Dist. Wyandot No. 16-10-06, 2011-Ohio-660, ¶ 19, quoting *Struthers v. Williams*, 7th Dist. Mahoning No. 07 MA 55, 2008-Ohio-6637,

¶ 15. "Under the current version of R.C. 2901.05, while the burden of proof for the affirmative defense of self-defense has shifted to the state, the burden of production for all affirmative defenses, including self-defense, remains with the defendant." *State v. Messenger*, 10th Dist. Franklin No. 19AP-879, 2021-Ohio-2044, ¶ 44.

{¶24} Reed argues that he is innocent of the burglary offense because he did not trespass in the [the victim's] residence; rather, he "simply entered the home where he had been living together with [the victim]." (Appellant's Brief at 11). Furthermore, Reed argues that "[h]e did not enter with the purpose to commit any crime," he "had reason to believe that their young daughter was in danger and went home to check on her." (*Id.*). Reed alleges that "[h]e restrained [the victim] to keep her from hitting him" and "only used enough force to defend himself." (*Id.*). Notwithstanding his arguments on self-defense, Reed overlooks that he admittedly entered the victim's residence *without* permission. Not only did Reed *admittedly* enter the victim's residence without permission, the State was prepared to present (at trial) video evidence demonstrating that Reed forcibly entering the residence without permission. Also, the State was prepared to present evidence that Reed caused the victim physical harm. Therefore, we conclude that Reed's claims of innocence are undermined by the evidence in the record. Consequently, because Reed did not present any evidence to substantiate a claim of innocence, Reed's claim of innocence appears to be more in the nature of a mere change of heart.

*Accord State v. Liles*, 3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, ¶ 33. Therefore, the ninth factor does not weigh in Reed's favor.

**{¶25}** Finally, in conjunction with the seventh factor, Reed asserts that the second factor weighs in his favor because his trial counsel was ineffective. A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance, the defendant would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) and *Strickland* at 687.

**{¶26}** Specifically, Reed alleges that his trial counsel was ineffective because he did not "adequately discuss [his] case with him" since he "did not even get to see or review the discovery in his case until Saturday, November 6, 2021 – just two days prior to his scheduled jury trial." (Appellant's Brief at 9). According to Reed, despite his trial counsel's lack of preparation, Reed contends that he "was prepared to take his case to trial on November 8." (*Id.*). Notwithstanding his intention to proceed to trial, Reed's trial counsel convinced him "to instead plead

guilty" because his trial counsel "told [him] that he 'had no shot' at prevailing at trial" "[e]ven though [he] insisted that he was innocent." (*Id.*). However, based on our review of the record, Reed cannot sustain his burden of proving that his trial counsel's performance was deficient or unreasonable under the circumstances or that there is a reasonable probability that he would not have pleaded guilty.

{¶27} First, Reed cannot show that his trial counsel's advice was deficient or unreasonable under the circumstances—that is, Reed cannot show that his trial counsel's advice was anything more than trial strategy. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *State v. Bradley*, 42 Ohio St.3d 136, 141–142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976). Importantly, "'an attorney's advice to take a plea deal is not ineffective assistance of counsel.'" *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. Instead, Reed's trial counsel's advice "constitute[s] nothing more than counsel's attempts to provide [Reed] with informed advice, to relay worst case scenarios to him, and to make recommendations to him on how to proceed." *Id.*, citing *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 57.

**{¶28}** Furthermore, Reed's contention that his trial counsel's advice to accept the negotiated plea agreement amounted to ineffective assistance of counsel because his trial counsel failed to prepare for trial is without merit. That is, even if we assume that Reed's trial counsel's trial preparations are deficient or unreasonable under the circumstances, Reed has not demonstrated that the outcome of the proceedings would have been different. Indeed, although we do not know what underscored Reed's trial counsel's advice, our review of the record reveals that Reed's trial counsel zealously represented Reed throughout the course of the representation. Importantly, the record reveals that much of the evidence on which Reed intended to rely in his defense was preliminarily excluded prior to trial. Likewise, based on our discussion under the ninth factor, Reed cannot demonstrate that he would have satisfied his burden of production for his self-defense claim. *See Ferdinandsen*, 2016-Ohio-7172, at ¶ 28. In other words, Reed cannot demonstrate that he would have been entitled to a self-defense instruction. *Accord id. See also id.* ("Jury instructions are within the discretion of the trial court."), citing *State v. Gripper*, 10th Dist. Franklin No. 12AP-396, 2013-Ohio-2740, ¶ 17.

**{¶29}** Moreover, Reed cannot demonstrate that he was prejudiced by his trial counsel's advice. Undeniably, the favorable negotiated plea agreement in which the State agreed to amend Count One from a first-degree-felony offense to a third-degree-felony offense; to dismiss Count Three; and to jointly recommend that Reed

serve a consecutive sentence of 54 months in prison (from which he would be eligible for juridical release after serving 7 months) is evidence that Reed was represented by competent trial counsel. *Accord State v. Wolfe*, 3d Dist. Van Wert No. 15-20-10, 2021-Ohio-1354, ¶ 26. Therefore, we conclude that neither the second nor the seventh factor weighs in Reed's favor.

**{¶30}** In conclusion, even though the first and sixth factors weigh in Reed's favor, the remaining factors weigh against granting Reed's motion to withdraw his guilty pleas. *Accord Liles*, 2019-Ohio-3029, at ¶ 34. Consequently, based on the totality of the circumstances, Reed does not have a reasonable and legitimate basis to withdraw his guilty pleas. *Id.* Accordingly, the trial court did not abuse its discretion by denying Reed's motion to withdraw his guilty pleas.

**{¶31}** Reed's assignment of error is overruled.

**{¶32}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**